UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

**PEGGY WILLIAMS,**

    **Plaintiff,**

v.

**ASSET ACCEPTANCE, LLC.;**
**and DOE 1-5**

    **Defendant.**

Civil Action No. _____

## COMPLAINT

**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in the activities alleged herein while Plaintiff so resided.

## PARTIES

1

3. Plaintiff, PEGGY WILLIAMS, is a natural person residing in Alice, Texas. Defendant, ASSET ACCEPTANCE, LLC, (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 28405 Van Dyke Ave. in Warren, Michigan. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. Defendants ASSET ACCEPTANCE, LLC and DOE 1-5 shall be jointly referred to herein as "Defendants".

4. Defendant regularly operates as a third-party debt collector and is a "debt collector" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. In April of 2012 Defendants began contacting Ms. Williams at her home telephone number in an attempt to collect on a consumer debt from Marie Santos, a person entirely unknown to Ms. Williams.

6. Defendants called Ms. Williams approximately once a day. Defendants would not leave messages and hang up on the occasions when Ms. Williams would answer the phone.

7. On June 5, 2012, Ms. Williams answered a call from Defendants. Defendants asked for Marie Santos. Ms. Williams informed Defendants that no one by that name Marie

Santos resides at her home and that her number is being called in error.  Defendants promptly hung up on Ms. Williams.

8. Defendants called back on June 6 and again on June 7.  On June 8 Defendants spoke with Ms. Williams for the second time, asking her if she knew Marie Santos.  Ms. Williams responded "NO."  Defendants promptly hung up on Ms. Williams.

9. Defendants called back on June 9, 11, and 12.  On June 12 Defendants once again hung up on Ms. Williams after she answered the phone.

10. Defendants called back on June 13, 14, 15, 16, 18, and 19.  One June 19 Defendants were once again informed that no Marie Santos resided at the residence.

11. Ms. Williams, harassed and unable to stop Defendants' calls, retained counsel with Centennial Law Offices.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendant violated 15 U.S.C. 1692b(3) with regards to Plaintiff as follows: 1.) Defendant continued to contact Plaintiff after being informed that Defendants had the wrong number for Marie Santos and to stop calling.

### COUNT II

13. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendant violated 15 U.S.C. 1692d by: 1.) Continuing to contact Plaintiff after being advised that Defendant was calling the wrong number and to stop calling; 2.) Harassing Plaintiff with an excessive number of calls; and 3.) Engaging in conduct the natural consequence of which was to harass Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, each count in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $1,955.00 in legal costs incurred in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.


Date:  June 6, 2013                         s/Robert Amador_____
                                            ROBERT AMADOR, ESQ.
                                            Attorney for Plaintiff Peggy Williams
                                            (Attorney-in-charge; Pro Hac Vice)

Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R.Amador@centenniallawoffices.com

5